UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LA COMMUNITY
DEVELOPMENT FUND, LLC

VERSUS

LANCASTER POLLARD
MORTGAGE CO.

CIVIL ACTION

NO. 11-037-BAJ-SCR

## RULING

This matter is before the Court on a motion by defendant, Lancaster Pollard Mortgage Co., to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure §§ 12(b)(2) and 12(b)(6) (doc. 17). Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.

## PROCEDURAL BACKGROUND

Plaintiff, LA Community Development Fund, LLC, filed the complaint in this matter on January 21, 2011, alleging breach of contract, violation of Title VIII of the Civil Rights Act of 1968 and 42 U.S.C. § 1982, and in an Amended Complaint alleged conversion of funds. Plaintiff alleges Lancaster Pollard Mortgage Co. breached the terms of the Conditional Commitment Agreement as well as the Engagement Agreement, both of which were purportedly accepted by plaintiff in Baton Rouge. Plaintiff further alleges violations of the Civil Rights Act of 1968 based on defendant's comments and its failure to adequately pursue loan approval on behalf of the plaintiff. Finally, plaintiff alleges defendant's withholding

a ten thousand dollar deposit constitutes conversion. (Complaint and Amended Complaint)

On May 12, 2011, Lancaster Pollard Mortgage Co. filed a Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction and alternatively for failure to state a claim upon which relief can be granted (doc. 11). On June 22, 2011, after plaintiff amended the complaint, defendant filed the present motion to dismiss (doc. 17). LA Community Development Fund, LLC subsequently filed a memorandum in opposition to the motion on July 18, 2011 (doc. 18).

## LAW AND DISCUSSION

"[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause (subject-matter jurisdiction) and the parties (personal jurisdiction)...." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 423 (2007). "A court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Id.* (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

This Court has the authority to assert personal jurisdiction over a nonresident defendant if doing so comports with state law and constitutional due process requirements. *Interfirst Bank Clifton v. Fernandez*, 844 F.2d. 279, 282 (5th Cir. 1988). When the nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of proving personal jurisdiction. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)). The plaintiff's burden is

2

satisfied by showing facts that establish a *prima facie* case for personal jurisdiction. *Id.* Disputed facts "must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for jurisdiction exists." *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985).

The two basic elements involved in evaluating personal jurisdiction are: (1) whether the defendant is amenable to service of process under the law of the forum state, and (2) whether exercising jurisdiction comports with due process. *Stuart v. Spademan*, 772 F.2d 1185, 1189 (5th Cir. 1985). The Louisiana long-arm statute allows the Court to assert jurisdiction to the extent permitted by due process, therefore, the inquiries here merge into whether exercising jurisdiction would comport with due process. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361 (5th Cir. 1990).

"The Supreme Court has interpreted due process as requiring federal courts ... to conclude, first, that the defendant has purposefully established minimum contacts with the forum state and, if so, that entertainment of the suit ... would not offend traditional notions of fair play and substantial justice." *Bullion*, 895 F.2d at 216 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987) (internal quotation marks omitted). Additionally, in *Hanson v. Denckla*, the Supreme Court concluded the defendant's contacts must demonstrate he purposefully availed himself of the benefits and protections of the forum's laws in order to be subject to suit there. 357 U.S. 235, 253 (1958). The Court later held

3

personal jurisdiction is proper when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Growden v. Ed Bowlin & Associates, Inc.*, 733 F.2d 1149, 1151 (5th Cir. 1984).

A court possesses specific jurisdiction over a nonresident defendant if the "suit arises out of or [is] related to the defendant's contacts with the forum...." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "Specific jurisdiction also requires a sufficient nexus between the nonresident's contacts with the forum and the cause of action." *Clemens v. McNamee*, 615 F.3d 374, 378-379 (5th Cir. 2010). The Fifth Circuit has reduced the analysis of specific jurisdiction to a three-part test:

> (1) Did the defendant have minimum contacts with the forum state-purposely directing its activities toward the forum state or purposely availing itself of the privilege of conducting activities therein? (2) Did the plaintiff's cause of action arise out of or result from the defendant's forum-related contacts? (3) Would the exercise of personal jurisdiction be reasonable and fair?

*Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999).

In *Calder v. Jones*, the Supreme Court established the "effects" test for personal jurisdiction. 465 U.S. 783 (1984) (holding personal jurisdiction over a nonresident was proper based on intentional libelous news articles expressly aimed at the forum). The Fifth Circuit recognized the principles of *Calder* in *Guidry v. U.S. Tobacco Co. Inc.* 188 F.3d at 629 (holding a nonresident can be

4

haled into a forum to answer for effects of a tort when the tortfeasor intends to cause the harm there by directing the conduct into the forum). However, in *Panda Brandywine Corp. v. Potomac Elec. Power Co.* the Fifth Circuit noted that "the mere allegation that an out-of-state defendant has [committed a tort] that has allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." 253 F.3d 865, 868 (5th Cir. 2001) (citing Far West Capital, Inc. v. Towne, 46 F.3d 1071, 1079 (10th Cir. 1995)). Communication alone may be sufficient minimum contact in certain circumstances, but only if that communication gives rise to the cause of action. *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 213 (5th Cir. 1999)(also noting "[w]hen the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").

The record indicates that Lancaster Pollard Mortgage Co. is an Ohio company with its principal place of business in Columbus, Ohio. There is no allegation that it advertises in Louisiana, or that its representatives entered Louisiana to conduct business with the plaintiff. Moreover, there is no indication that the defendant maintains bank accounts, offices, mailing addresses, or affiliations with entities in Louisiana. According to the Complaint, plaintiff was introduced to Lancaster Pollard Mortgage Co. through Derrick Neal, an employee of the Mississippi based Superior Community Capital Corporation. Most of the dealings involved in the transaction occurred through Derrick Neal and all communications occurred through telephone, email, and mail. All decisions

5

defendant made involving the transaction were carried out in its Ohio office.

Plaintiff has failed to show that the content of the communication gave rise to the cause of action. The plaintiff's complaint and supporting memoranda also fail to point to communications directed within Louisiana that include content that directly gave rise to adverse effects.[1] Plaintiff's supporting affidavits show there was disagreement about the feasibility of the loans; however, that fact does not demonstrate that the defendant had any meaningful contact with the forum. Additionally, the Court notes that none of the communications invoked any benefits or protections of Louisiana's laws for the defendant, Lancaster Pollard Mortgage Co. All decisions regarding the proposed transaction were made by defendant in Ohio, and the proposals plaintiff points to were all drafted in Ohio, including the provision regarding cancellation of the transaction if Lancaster Pollard Mortgage Co. found the transaction was not feasible. (See Complaint, Exhibit 5)

Moreover, the conversion claim is based solely on facts that are alleged to have occurred in Ohio. The decisions made concerning the deposit were made in Ohio, the defendant received the check in Ohio, and the money is being held

---

[1] Plaintiff failed to cite controlling precedent directly on point with the present facts. *Calder* involved libelous communications and *Guidry* involved misrepresentations in tobacco advertisements which led to unknowing use and addiction among consumers. See *Calder* and *Guidry, supra*. The respective Courts found the harmful effects felt from these activities arose directly from the communications themselves. This Court makes no such finding in the present facts. The Court notes that the language of *Wien Air Alaska* is clear that the communication must give rise to the cause of action, and the decision in that case clearly distinguishes between those instances where the cause of action is not a direct result of the communication. See *Wien Air Alaska, supra*.

there. The plaintiff has not shown any contact within Louisiana by the defendant. Accordingly the Court finds that the plaintiff has failed to show the defendant directed contacts toward Louisiana or purposefully availed itself of the privilege of doing business in Louisiana to justify the assertion of personal jurisdiction.

Because the Court finds it lacks personal jurisdiction over the defendant, it need not address defendant's motion to dismiss on the grounds that plaintiff's Complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

For all of the above reasons, the Motion to Dismiss Plaintiff's Complaint (doc. 17) is hereby **GRANTED**, and this action shall be dismissed for lack of personal jurisdiction.

Baton Rouge, Louisiana, July 26, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA